Dickens, administrator, &c., agt. The New-York Central Railroad Co.

———— ————— *for defendants.*
———— ————— *for plaintiffs.* ·

---

# SUPREME COURT.

LORENZO D. DICKENS, administrator of Sally Dickens, his wife, agt. THE NEW-YORK CENTRAL RAILROAD CO.

A cause of action for carelessness and negligence, by means of which injury and death ensued, may and should be stated in *one count* in the complaint.
The plaintiff is not permitted, under the present system of pleading, to put into his complaint different counts for the same cause of action, varying them as to form and manner of statement. (*See, to the same effect, the several reported cases cited in the opinion.*)

*General Term, July,* 1856.
SHANKLAND, GRAY, BALCOM *and* MASON, *Justices.*

H. C. BISSEL, *for defendants.*
E. WELLS, *for respondent.*

Dickens, administrator, &c., agt. The New-York Central Railroad Co.

By the court—Mason, Justice. This is an appeal from an order made at special term, by Justice Pratt, requiring the plaintiff " to elect upon which of his counts, or causes of action, set forth in the complaint, he will rely, and that the residue be stricken out as redundant, or that the complaint be set aside."

The complaint contains three counts—all for the same cause of action. There is but a slight variance between the first and second counts. The second count sets out all the acts of carelessness contained in the first count. There is one additional act of carelessness set out in the second count, and that is all. The third count is quite unlike the other two, and charges many acts of carelessness not stated in the first and second.

I think the order is right, and should be affirmed. The judge has followed the adjudged cases, and they are all one way— holding that the plaintiff is not permitted, under the present system of pleading, to put into his complaint different counts for the same cause of action, varying them as to form and manner of statement. (5 *How. Pr. R.* 439; 9 *id.* 83.) This latter case was affirmed on appeal to the general term 1853. (9 *How. Pr. R.* 85; 10 *id.* 155; 11 *id.* 281; *Van Santvoord's° Pl.* 351, 352, 353.)

I do not see any necessity, in the case under consideration, to embrace these three counts in this complaint. The plaintiff can allege all the acts of negligence, set forth in the three counts, in one, and aver that they were the cause of the death of his wife; and if he prove, upon the trial, that any one of them was the cause of the injury, his complaint is sustained.

There is not now the same necessity which formerly existed for adding different counts, slightly variant, to meet the evidence as it may come out upon the trial, for the reason that now the court are required to disregard every variance between the proof and pleadings, unless it has actually misled the adverse party to his prejudice in maintaining his action or defence upon the merits. (*Code,* § 169.) The party alleging that he has been misled, must prove it to the satisfaction of the court, and in what respect. If he fail to do this, the variance is to be regarded as immaterial, and the court may either direct the

complaint to be amended, without costs, to conform to the evidence, or may direct the facts to be found according to the evidence, and disregard the variance.

The plaintiff may allege all the acts of negligence, embraced in the three counts in the case, in one, and aver that such negligent acts produced the injury complained of: and when the proof comes out upon the trial, he may rely upon any, or all that he thinks his evidence sustains.

The order should be affirmed.