(Hamilton County Court of Common Pleas)

WILEY v. C. C. C. & ST L. RY. CO.

---

*Negligence—Where an injury results from several concurrent acts.—*

1. Where but one injury has resulted from several concurrent acts of negligence, it is not good pleading, under the code, for the plaintiff to set forth each act of carelessness in a separate cause of action; and when he has done so the court will, on motion, require him to elect upon which act, as set out in a separate cause of action, he will proceed.

2. He may in one cause of action, allege all of the acts of negligence from which the injury has resulted, and on the trial he may rely upon any or all of such acts as he is able to prove.

---

HOLLISTER J.

The plaintiff seeks to recover damages from the defendant for negligence. He separately states two causes of action, both in identically the same words, excepting that in the first cause the negligence is based on the fact that the defendant, through its agent in charge of certain work, permitted a car to run at a reckless, unnecessary and unusual rate of speed; and in the second, the negligence is alleged to lie in the fact that the agent in charge was incompetent and that defendant knew it. A separate prayer is appended to each cause of action, the same language being used in each.

Defendant moves for an order requiring plaintiff to elect on which cause of action he will proceed, and to strike out such cause as upon election he may abandon.

The cause of action consists in the fact that plaintiff's foot was crushed by the negligence of the defendant. That negligence may have had its rise in several facts, each one of which might have permitted the plaintiff, by abandoning the others, to pursue his remedy; but the right to recover depends upon the concurrence of the negligence with the fact that there was an injury. It is but for one cause, however, the negligence of defendant, that recovery may be had. If several facts, or sets of facts, make out negligence, they may be stated together, and this is the practice in pleading in cases of this kind. If the plaintiff is willing to rely on one set of facts which in themselves, prima facie, constitute negligence, he may plead accordingly.

The case of Dicens v. New York Central R. R. Company, 13 How. Pr., 228, seems to be in point. There the petition contained three counts, all founded on the negligence of the defendant. The second count differed but slightly from the first, and set out all of the acts of carelessness contained in the first, with one additional act. The third count set forth many acts of carelessness contained in either the first or second. The Supreme Court of New York, in General Term, affirmed the order of the Special Term requiring the plaintiff to elect and strike out the causes of action abandoned. Say the Court at page 230: 'The plaintiff may allege all the acts of negligence embraced in the three counts in the case in one, and aver that such negligent acts produced the injury complained of; and when the proof comes out upon the trial, he may rely upon any, or all that he thinks his evidence sustains."

And so he may in this case.

The motion is granted.

Wm. Littleford for the plaintiff: Harmon, Colston, Goldsmith & Hoadly for defendant.