BROWN v. CADY.

(Supreme Court, Appellate Division, Second Department. March 4, 1904.)

1. DENTISTS—NEGLIGENCE—PLEADING—CAUSES OF ACTION—SEPARATE STATEMENT—NUMBERING.

Where a complaint in an action against a dentist charged negligence in removing two of plaintiff's teeth which did not require removal, in allowing portions thereof to remain in the gum, and in putting in bridgework which was defective and improperly fitted, which several acts of negligence were alleged to have produced abscesses on the gum and necrosis of the jawbone, it stated but one cause of action, and was therefore not subject to a motion to separately state and number, under Code Civ. Proc. § 483, requiring separate causes of action in the complaint to be separately stated and numbered.

2. SAME—INDEFINITENESS.

The allegations of negligence were not so indefinite as to sustain a motion to make them more definite and certain, under Code Civ. Proc. § 546, declaring that, where the allegations in a pleading are so indefinite or uncertain that their precise meaning or application is not apparent, the court may require the pleading to be made more definite and certain.

Appeal from Special Term, Kings County.

Action by Margaret C. Brown against Edward Everett Cady. From an order denying a motion to require plaintiff to amend the complaint by separately stating and numbering her causes of action and by making the same more definite and certain, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

John N. Blair, for appellant.

Joseph T. Magee, for respondent.

WILLARD BARTLETT, J.   This is an action against a dentist to recover damages alleged to have been sustained by the plaintiff in consequence of the defendant's negligence in treating her teeth.   The complaint charges that he was negligent (1) in removing two teeth which did not require removal, (2) in allowing portions thereof to remain in the gum, and (3) in putting in bridgework which was defective and improperly fitted.   These several acts are alleged to have resulted in the production of abscesses on the gum and necrosis of the jawbone.   They are obviously stated as the details or steps in a course of negligent professional treatment terminating in a single injury, and, thus regarded, they do not constitute separate causes of action, and may properly be set forth in one count.   Dickens v. N. Y. Central R. R. Co., 13 How. Prac. 228.   The motion, therefore, so far as it was based upon section 483 of the Code of Civil Procedure, which requires separate causes of action in a complaint to be separately stated and numbered, was properly denied.   Nor is there any adequate basis for the suggestion that the complaint is indefinite and uncertain, within the meaning of section 546.

The order should be affirmed.

Order affirmed, with $10 costs and disbursements.   All concur.