CHARLES GMAEHLE, as Administrator of the Estate of CHARLES GMAEHLE, Deceased, Appellant, *v.* MORRIS ROSENBERG et al., Respondents.

NEGLIGENCE — MASTER AND SERVANT — L. 1902, CH. 600, REQUIRING NOTICE OF INJURY TO BE GIVEN TO MASTER NOT APPLICABLE TO ACTIONS BASED UPON COMMON-LAW LIABILITY OF MASTER. Where the complaint, in an action brought to recover for the death of an employee, charged to have been caused by the negligence of his employers, alleges that the defendants erected and caused to be erected a scaffold in such a negligent, improper and unsafe manner that the same gave way and fell, whereby the plaintiff's intestate, who was working thereon, received injuries which caused his death, the complaint states a good cause of action based upon the common-law liability of the defendants, and it is unnecessary to allege that a notice of the time, place and cause of the injury was served upon the employers within 120 days after the occurrence of the accident

as prescribed by section 2 of chapter 600 of the Laws of 1902, relating to the liability of employers to make compensation for personal injuries suffered by employees; while the statute, by the provisions of section 1 that the master shall be liable for the negligence of a superintendent or any person acting as such, has given employees an additional cause of action against employers, it does not cover the whole liability of the employer to the employee, and the requirement of section 2, that notice shall be given to the employer as a condition precedent to the maintenance of an action to recover damages for personal injuries, is, by the terms of the statute, limited to "actions for the recovery of compensation for injury or death under this act."

. *Gmaehle* v. *Rosenberg*, 87 App. Div. 631, reversed.

(Argued March 15, 1904; decided March 29, 1904.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 8, 1903, which reversed an interlocutory judgment of Special Term overruling a demurrer to the complaint and sustained such demurrer.

The nature of the action, the facts, so far as material, and the question certified are stated in the opinion.

*Morris Hillquit* for appellant. The title of the act indicates the intention of the legislature to extend and not to limit the liability of employers. (*People* v. *Coleman*, 121 N. Y. 542; *People* v. *Davenport*, 91 N. Y. 574.) A statute changing the common law should be strictly construed, and the common law should be held no further abrogated than the language used in the statute absolutely requires. (*Dean* v. *M. E. R. Co.*, 119 N. Y. 540; *Fitzgerald* v. *Quann*, 109 N. Y. 441; *Hardy* v. *City of Brooklyn*, 7 Abb. [N. C.] 403.) A statute should not be so construed as to injuriously affect existing rights. (*S. R. T. Co.* v. *Mayor, etc.*, 128 N. Y. 510.) The said act does not supersede any statutory or common-law rights of action of employee against employer existing at the time of the enactment of the statute, but the remedies afforded are cumulative, and the failure to give notice provided for has the effect merely of depriving the employee of the special benefits of the said act, but such failure does not impair the

rights of employees to maintain an action upon other statutory or common-law liability of the employer. (*Rosin* v. *L. M. Co.*, 89 App. Div. 245; *Ryalls* v. *Mechanics' Mills*, 150 Mass. 190; Roberts & Wallace Employers' Liability ['3d ed.], 207–209, 331; Fraser on Master & Servant [3d ed.], 172; Spens & Younger on Employer & Employed, 130, 131.)

*David Steckler* for respondents.   The service of the notice required by the Employers' Liability Act is a condition precedent to the maintenance of the cause of action alleged in the complaint. (L. 1902, ch. 600, § 2; *Merz* v. *City of Brooklyn*, 33 N. Y. S. R. 577; 128 N. Y. 617; *Curry* v. *City of Buffalo*, 135 N. Y. 366; *Reining* v. *City of Buffalo*, 102 N. Y. 308.)   The construction claimed by the respondents would not have the effect of abrogating the common law. (*Hulburt* v. *Clark*, 128 N. Y. 295; *Wheeler* v. *Jackson*, 41 Hun, 410; 105 N. Y. 681.)

CULLEN, J.   The action is brought, administrator of servant against master, to recover damages for the death of the servant charged to have been caused by the negligence of the master.   The allegations of the complaint as to the fault on the defendants' part are that they erected and caused to be erected a scaffold in such a negligent, improper and unsafe manner that the same gave way and fell, while the plaintiff's intestate was working thereon, by which said intestate received injuries causing his death.   The defendants demurred to the complaint as not stating facts sufficient to constitute a cause of action in that it failed to allege that notice of the time, place and cause of the injury to the deceased was given to the employers as prescribed by section 2 of chapter 600 of the Laws of 1902.   The demurrer was overruled by the Special Term, but this decision was reversed by the Appellate Division, which has certified to us the following question: "Is the service of a notice of the time, place and cause of the injury by the servant upon the master within 120 days after the occurrence of the accident, as provided for by chapter 600 of

the Laws of 1902, entitled ' An act to extend and regulate the liability of employers to make compensation for personal injuries suffered by employees,' a condition precedent to the maintenance of an action against the employer to recover damages for personal injuries sustained by the employee after the passage of said act."

The complaint does not charge any liability based on the provisions of the statute of 1902. It was the settled law of this state prior to the enactment of the statute that the master was bound to exercise reasonable care to provide the servant a safe place to work and safe and suitable machinery and appliances with which to work, and that for a failure to exercise such a degree of care he was liable to the servant for any injury caused thereby. This is what our courts and the courts generally throughout the country have held to be the common-law liability of the master. Under this rule the complaint stated an entirely good cause of action, and it was unnecessary to rely on any statute enacted in favor of the employee. By the first section of the act of 1902 it is provided that an employee or, in case of death, his personal representatives, shall have a right of compensation for such injury or death where the injury was caused, 1, by reason of any defect in the condition of the ways, works or machinery connected with or used by the employee due to the negligence of the employer or the person intrusted by him with the care of such ways, works and machinery; 2, by reason of the negligence of any superintendent of the employer or any person acting as such, or whose principal duty is that of superintendence. The second section prescribes: " No action for recovery of compensation for injury or death under this act shall be maintained unless notice of the time, place and cause of the injury is given to the employer within one hundred and twenty days and the action is commenced within one year after the occurrence of the accident causing the injury or death." It will be seen that by the terms of the statute the requirement of notice to the employer is limited to " actions for the recovery of compensation for injury or death

under this act." The learned court below was of opinion, however, that the statute dealt with the whole subject of the master's liability for defective ways, works or machinery, and that, therefore, from the time of its enactment all causes of action for those defects, whether they were such as previously existed or not, were subjected to the qualification that notice must be given to the master within a hundred and twenty days after the occurrence of the accident. It is also insisted that the statute gives no new cause of action and that hence it must be construed as regulating such causes of action as were given by the common law. Now, while we are not prepared to say whether the statute has in any respect increased the liability of the master for defective ways, works or machinery, it is clear that it has given an additional cause of action where it prescribes that the master shall be liable for the negligence of the superintendent or any person acting as such. At common law while the master was liable for the fault of his *alter ego*, to whom he intrusted the whole management of the work, with the power to employ and discharge servants, he was not liable for the negligence of foremen merely as such. (*Loughlin* v. *State of New York*, 105 N. Y. 159.) Moreover, unquestionably the statute does not cover the whole liability of the employer to the employee. The master is bound to exercise reasonable care in the selection and employment of competent co-servants, and if the character of the business requires it, to promulgate and enforce proper rules for the conduct of the business. It cannot be denied that these and probably other liabilities remain unaffected by the statute. Reliance is placed by the learned Appellate Division upon the title of the statute, "An act to extend and regulate the liability of employers to make compensation for personal injuries suffered by employees." But if it were the legislative intent to deal generally with the subject of the liability of employers it is difficult to see why the statute did not deal with their responsibility for incompetent fellow-servants or for insufficient rules as well as for defective appliances or why the statute did not prescribe broadly that in all actions of employees against employers the prescribed notice

should be given. We think the legislative intent is reasonably clear. The legislature deeming that by the act it was about to extend the liabilities of masters to their servants (to what extent they effectuated this purpose it is unnecessary now to determine) thought it wise to safeguard the new liabilities by requiring that notice should be given the master of the accident for which it was sought to recover compensation. But it was only the new or extended liability that it was intended to subject to such safeguard. This intent is clearly expressed when the legislature limited the requirement for notice to actions for injuries or death "*under this act.*" Section 2 of the act is a substantial reproduction of certain provisions of the English and Massachusetts statutes on the subject. In *Ryalls* v. *Mechanics' Mills* (150 Mass. 190) it was held that where the plaintiff declared on the common-law liability of the master to his servant it was unnecessary to give the statutory notice. The same doctrine was held by the Appellate Division in the second department in *Rosin* v. *Lidgerwood Manufacturing Company* (89 App. Div. 245). In the view of those courts we concur except that we do not intimate any approval of the position of the learned court in the *Lidgerwood* case that the statute if given the broad construction accorded it by the court below would be unconstitutional. With that question we do not deal.

The order of the Appellate Division should be reversed and the interlocutory judgment entered on the decision of the Special Term affirmed, with costs in all the courts, and the question certified answered in the negative.

PARKER, Ch. J., HAIGHT, MARTIN and WERNER, JJ., concur; GRAY, J., dissents; O'BRIEN, J., not voting.

Order reversed, etc.