MARY J. MONIGAN, as Administratrix, etc., of FRANK J. LOVEN, Deceased, Respondent, *v.* ERIE RAILROAD COMPANY, Appellant.

*Election between a cause of action for negligence at common law and one under the Employers' Liability Act, not required at Special Term — an application therefor should be made at the Trial Term.*

Where the complaint in an action brought to recover damages resulting from the death of the plaintiff's intestate, sets up facts constituting a cause of action at common law, and also facts constituting a cause of action under the Employers' Liability Act, a motion made at Special Term, previous to the trial, to require the plaintiff to elect between the two causes of action, will, in the absence of injury to the defendant, be denied, as, if an election is to be required, the discretion in respect thereto can best be exercised by the trial judge.

APPEAL by the defendant, the Erie Railroad Company, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Orange on the 30th day of August, 1904, denying the defendant's motion for an order striking out the amended complaint or compelling plaintiff to elect which of two causes of action alleged in the complaint she would rely upon.

*Philip A. Rorty*, for the appellant.

*Thomas Watts*, for the respondent.

Order affirmed, with ten dollars costs and disbursements, upon the opinion of LAMBERT, J., at Special Term.

All concurred.

The following is the opinion of LAMBERT, J., delivered at Special Term :

LAMBERT, J. :

The plaintiff's intestate was a fireman upon a locomotive of defendant. An explosion occurred, death resulted and this action is sought to be maintained to recover damages. The complaint was served setting up the alleged facts sufficient in form to recover at common law. Issue was joined. Thereafter and within the time, as matter of right, an amended complaint was served alleging in form an action at common law and one under the Employers' Liability Act.* This motion is by the defendant to strike out the amended complaint and that plaintiff be compelled to elect which of the two causes of action alleged she will abide by upon the trial.

The right of recovery for negligence was a common-law action, but extended by statute † to a recovery in case of death. It may be said, therefore, that the action is founded on the Constitution and statutes. Since the decisions in *Rosin* v. *Lidgerwood Mfg. Co.* (89 App. Div. 245) and *Gmaehle* v. *Rosenberg* (178 N. Y. 147), it seems to be settled that the plaintiff has two remedies growing out of the same occurrences. The old remedy was not abolished by the enactment of the Employers' Liability Act and the new remedy is cumulative. The allegations tendered in support of either remedy are the same except the allegation of the service of notice within the 120 days to bring the case within the Employers' Liability Act. The two remedies arising from the same occurrences, the allegations being the same substantially, it may be assumed that the proof must quadrate therewith, hence no evidence will be required in support of one remedy over the other except the formal proof of the service of the 120-day notice.

---

* Laws of 1902, chap. 600.— [REP.        † See Code Civ. Proc. § 1902 *et seq.*— [REP.

The purpose of the present practice is to so situate the parties as to prevent surprise on the trial. In the absence of injury to the defendant, I think if an election is to be required, that the trial judge can best exercise this right of discretion.

Motion denied, without costs.

The defendant may have ten days after the entry and service of the order herein.

---

William F. Mills and George H. Driscoll, Respondents, *v.* United States Printing Company of Ohio, Respondent, Impleaded with International Stereotypers and Electrotypers' Union, an Unincorporated Association of Which James J. Freel Is President, and Others, Appellants.

William Kissam, Respondent, Appellant, *v.* International Stereotypers and Electrotypers' Union, an Unincorporated Association of Which James J. Freel Is President, and Others, Appellants, Respondents, Impleaded with United States Printing Company of Ohio, Respondent.

*An employee or any number of employees in concert may leave the master's employment — a strike to better the workmen's condition is lawful — "picketing" defined — "boycott" defined — a combination to secure the exclusive employment of its members is lawful — where its primary purpose is to procure the discharge of an outsider it is unlawful — power of the court to decide upon the right of an employer to discharge or of an employee to quit — right of a discharged employee to compel its exercise — status of a stockholder to attack an agreement with a trade union made by an executive committee of the corporation.* [*]

An employee, who has not bound himself to his master by contract, may leave the master's employ whenever and for whatever reason he sees fit.

What one employee may lawfully do alone, he may do in concert with other employees, and hence a strike is not necessarily unlawful.

A peaceful and orderly strike instituted, not to harm others, but to improve the condition of the striking employees, is lawful.

The term "picketing" may simply mean the stationing of men for observation, and, if it is resorted to solely for such purpose and there is no molestation or physical annoyance or let or hindrance of any person, it is not *per se* unlawful.

The term "picketing" may also mean the stationing of a man or men to coerce or threaten or to intimidate or to halt or to turn aside against their will those

---

[*] See *Jacobs* v. *Cohen* (*ante*, p. 481).