ANNA P. RETTAGLIATA, as Administratrix of the Estate of PIETRO RETTAGLIATA, Deceased, Appellant, *v.* THOMAS J. HAYWARD et al., Respondents.

(Submitted December 5, 1904; decided December 13, 1904.)

MOTION for reargument. (See 179 N. Y. 586.)

*Gilbert Ray Hawes* and *John E. Judge* for motion.

*Joseph N. Tuttle*, opposed.

CULLEN, Ch. J.   In disposing of this case we did not overlook our decision in the case of *Gmaehle* v. *Rosenberg* (178 N. Y. 147), where we held that the Employers' Liability Act (Ch. 600, Laws 1902) did not render it necessary that the employee should give the notice of the accident required by the statute where he sought to enforce only a common-law liability.   In the present case we think any liability that may have accrued must be wholly based upon the statute.

There was no defect in the method adopted of lowering the tank bottom by jack screws, or if there were such defect, it was not the proximate cause of the accident.   The difficulty occurred when in the course of lowering the bottom by these screws the plate assumed a cant or slant.   Thereupon Murphy, the foreman, sent the deceased to place blocks underneath the plate.   Here, if at all, was the negligence of Murphy.   The

plan adopted by defendants did not contemplate the presence of any workmen beneath the tank bottom. Murphy was not the *alter ego* of the master, but merely a foreman or superintendent, for whose negligence, apart from any statute, the defendants — under a line of authorities in this court, of which *Loughlin* v: *State of N. Y.* (105 N. Y. 159) may be cited as a sample — were not liable.

The motion for a reargument should be denied, with ten dollars costs.

GRAY, BARTLETT, HAIGHT, MARTIN, VANN and WERNER, JJ., concur.

Motion denied.