HAYWARD et al. v. KEY.

(Circuit Court of Appeals, Second Circuit. April 12, 1905.)

No. 183.

1. MASTER AND SERVANT—LIABILITY OF MASTER FOR FOREMAN'S NEGLIGENCE—
NEW YORK STATUTE.

Under the New York employer's liability act of 1902, which establishes the rule for the federal courts sitting within the state in actions for personal injuries to employés, an employer is liable for the negligence of a foreman, whose principal duty is that of superintendence, to the same extent that he would be liable at common law for his own personal negligence.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 371–373, 427–430.]

2. SAME—ACTION FOR DEATH OF SERVANT—QUESTIONS FOR JURY.

Plaintiff's intestate, who was employed by defendants, and working on a high scaffolding, was thrown therefrom and killed by the recoil of a pneumatic riveting tool which he was using. There was no recoil when the tool was in proper condition. At noon on the day of the injury deceased had told the foreman that the tool was out of repair, and on his return was told by the foreman that it had been repaired, and was in good condition. There was evidence that it worked properly until the time of the accident. Under the state statute defendants were liable for the negligence of the foreman. Held, that the questions whether or not deceased assumed the risk or was guilty of contributory negligence were properly submitted to the jury.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 1068–1132.]

In Error to the Circuit Court of the United States for the Southern District of New York.

Writ of error by the defendant in the court below to review a judgment rendered upon a verdict for the plaintiff.

Ford & Tuttle, for plaintiffs in error.

Joseph Steiner and Henry A. Petersen, for defendant in error.

Before WALLACE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. The action was brought to recover damages accruing to the next of kin in consequence of the death of the plaintiff's intestate, William C. Key, alleged to have been caused by the negligence of the defendants. Key was a mechanic in the employ of the defendants, and while engaged in the course of his duties met his death by being thrown from a high scaffold to the ground

by the recoil of a pneumatic riveter, called a "gun," which he was using in driving rivets. The pneumatic riveter is a powerful tool, making 500 or 600 strokes a minute. When in order, it works without any serious recoil, but when out of order is liable to recoil violently. Key had been using the tool throughout the forenoon, and found it "kicked" very hard. According to some of the testimony, when he stopped work at noon he stated that he was going to get another "gun," and went to the foreman of the defendants (Haskell), and told him that the tool was out of order, and was told by Haskell that he would have it repaired; and when Key returned from his dinner he inquired if the "gun" had been repaired, and was told by Haskell that it had been, and that it was "all right and in good condition." When he resumed work he used the same tool. According to some of the testimony it did not operate properly, but according to other testimony it did until Key applied it to the particular rivet which he was driving when the accident took place. While he was driving that rivet it recoiled with such force as to throw him off the scaffold.

At the close of the evidence the court was requested on behalf of the defendants to direct a verdict in their favor upon the general ground that the plaintiff had not established a cause of action, and upon the further ground that the defendants were not liable for any "negligence or alleged negligence that may have been shown." The request was denied, and the cause was submitted to the jury. No exceptions were taken to the instructions of the court to the jury, and no requests were made for further instructions. Some of the rulings of the trial judge in admitting evidence were excepted to by the defendants, and error was assigned of these rulings; but the assignments are without merit, and do not require detailed consideration. The main contention for the plaintiffs in error, as presented by the brief and argument of counsel, is that upon the evidence the court should have ruled that the deceased was guilty of contributory negligence, and that he assumed the risk of the injuries which he received. The case made upon the trial brought the action within the provisions of the New York "Employer's Liability Act" of 1902. This act, while preserving all the common-law liabilities of the master for injuries sustained by the servant through the negligence of the master, extends that liability by providing that the master shall be liable for the negligence "of any superintendent of the employer, or any person acting as such, or whose principal duty is that of superintendent." In Gmaehle v. Rosenberg, 178 N. Y. 147, 70 N. E. 411, the New York Court of Appeals, in construing this statute, said:

"It is clear that it has given an additional cause of action where it prescribes that the master shall be liable for the negligence of the superintendent or any person acting as such. At common law, while the master was liable for the fault of his alter ego to whom he intrusted the whole management of the work, with the power to employ and discharge servants, he was not liable for the negligence of foremen merely as such."

The language of the statute accords with this interpretation of the court, and it must now be accepted as the rule of decision in the

federal courts sitting in this state in actions like the present that the employer is to be deemed liable for the negligence of a foreman whose principal duty is that of superintendence to the same extent as he would be liable at common law for the negligent acts of an alter ego. The defendants were therefore liable for the negligence of the foreman, Haskell, to the same extent as they would have been for their own personal negligence.

It is entirely plain that if the deceased, finding the tool with which he had been provided by his employers out of order and in a condition dangerous to use, had brought the fact to the notice of one of the defendants, and had received from him a promise that it would be put in proper order, and before using it again had been told by him that it had been put in order in the meantime, he would have been justified in relying upon the faith of that assurance and in using the tool in the belief that it was in proper condition, until it appeared that such was not the fact. Under such circumstances the servant cannot be presumed to have assented to assume a risk of danger incident to the use of an unsafe tool, or to have been guilty of negligence in using it, unless it appears that he discerned the defect, or that the defect was so apparent that it ought to have been manifest to him before the accident took place. The evidence amply justified the trial judge in leaving the question of the negligence of the defendants to the jury.

The question of the contributory negligence of the deceased was not specifically raised by the request in behalf of the defendants for the direction of a verdict. It was, however, submitted to the jury by the trial judge in his instructions, and, as has been mentioned, his instructions were not in any respect challenged by exceptions or requests for further instructions. If the jury believed the witness Beck, they were justified in finding that no defect was manifest in the tool to the deceased until almost at the moment when the accident occurred. In view of the evidence it is quite unnecessary to consider the effect of the statutory provision in the employer's liability act, which declares that "the question whether the employé understood and assumed the risk of such injury, or was guilty of contributory negligence by his continuance in the same place and course of employment with knowledge of the risk of injury, shall be one of fact, subject to the usual powers of the court in a proper case to set aside a verdict rendered contrary to the evidence." We find no error in the record.

The judgment is affirmed, with costs.