(116 App. Div. 793)

ACARDO v. NEW YORK CONTRACTING & TRUCKING CO. et al.

(Supreme Court, Appellate Division, Second Department.  January 11, 1907.)

PLEADING—STRIKING OUT MATTER.

In an action for injuries, an order striking out from the complaint allegations involved in a common-law action, unless plaintiff serve an amended complaint separately stating his common-law action, and action under the employers' liability act, was not authorized by Code Civ. Proc. § 545, authorizing the striking out of irrelevant and redundant matter.

Appeal from Special Term.

Action by Sebastian Acardo, as administrator of the estate of Guiseppe Acardo, deceased, against the New York Contracting & Trucking Company and another.  From an order ordering an amended complaint on penalty of having certain allegations stricken from the complaint, plaintiff appeals.  Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Thomas J. O'Neill, for appellant.

J. C. Toole, for respondents.

WOODWARD, J.  The plaintiff set forth an action based upon the defendant's negligence, alleging various grounds of negligence, including common-law grounds, and those arising under the employers' liability act, and set forth, as it is claimed, that one John Gahler was in the defendant's employ operating a dirt train, for the purpose of gaining an admission of this fact in the pleadings, thus saving the trouble of proving a fact which was involved in the case.  The defend-

ant moved for an order striking out as "redundant and irrelevant"
this allegation in reference to Gahler, and the other allegations involved
in a common-law action, and the order appealed from strikes out these
allegations unless the plaintiff shall serve an amended complaint, sepa-
rately stating his common-law action, and his action under the employ-
ers' liability act.  The plaintiff appeals.

. The plaintiff clearly has but one cause of action, and that is for the
damages he has sustained through the actionable negligence of the
defendant, if such negligence exists.  Whether the facts bring his case
within the employers' liability act, or whether he must rely upon his
common-law rights, must depend upon the evidence which he is able
to produce upon the trial, and we can see no good reason for a refine-
ment of the pleadings such as is directed by the order appealed from.
If the plaintiff establishes his cause of action under the employers'
liability act, the common-law allegations are mere surplusage, just as
a portion of them would be if various common-law grounds were as-
serted, and only one of them proved.

The authority of section 545 of the Code of Civil Procedure to strike
out "irrelevant, redundant, or scandalous matter" has not been under-
stood to cover a case of this character, so far as we have been able
to discover.  On the contrary, it was said, in considering this pro-
vision of the Code in Carpenter & Wilcox v. West & Van Venthuysen,
5 How. Prac. 53, 55, that:

"By 'irrelevant or redundant' in the Code, I take it is meant, what is usual-
ly understood as impertinent; for a pleading in equity is impertinent, when it
is stuffed with long recitals, or long digressions, which are altogether unnec-
essary and totally immaterial to the matter in hand."

And clearly this is not such a case.  Here the plaintiff only claims to
have a single cause of action.  It is based upon the negligence of the
defendant, and he has specified several different propositions as to
which the defendant is alleged to have been negligent, some of these
constituting actionable negligence at common law, and some of them
under the statute, and the defendant is equally liable in either event,
but is only liable for the single damages sustained by the plaintiff.
Why should he be compelled to amend his pleadings, and to set up
two causes of action where he only has one, at the expense and delay
of this motion?  No practical reason, no reason commended by the
law, appears to us.

It is true in Mulligan v. Erie Railroad Company, 99 App. Div. 499,
91 N. Y. Supp. 60, this court refused to compel a plaintiff to stand
upon his common-law rights, and permitted him to amend his com-
plaint by setting up his common-law action, and his action under the
employers' liability act in separate counts, but that was not the real
question under consideration here; the point involved being that the
plaintiff had elected to stand upon his common-law rights, and the
court held that he was entitled to either remedy, and strongly inti-
mated that his second count, under the employers' liability act, was
all that was necessary.  The case decided no question involved here,
nor do we find that the question has been adjudicated.  We conclude
that the matter directed to be struck out properly belongs in the com-

plaint, and that the plaintiff, having but a single cause of action, may not be compelled to plead two causes, but that the allegations of negligence which are not admitted or proved, may be considered as surplusage, and that the plaintiff has a right to submit his case upon the pleadings as they originally stood.

The order appealed from should be reversed, with costs, and the motion denied, with costs. All concur.

---

(117 App. Di 7. 34)