(52 Misc. Rep. 634)

### HAMNSTROWN v. NEW YORK CONTRACTING CO.

(Supreme Court, Special Term, New York County.   February 18, 1907.)

PLEADING—SEPARATE COUNTS.

>  In an action for injuries, to a servant, defendant is not entitled to an order directing that the allegations of common-law and statutory liability contained in the complaint be set forth in separate counts, or that they be separately stated and numbered.
>
>  [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 112, 113, 1194–1198.]

Action by Windla Hamnstrown, as administratrix, against the New York Contracting Company.   Motion to compel plaintiff to separately state and number causes of action.   Motion denied.

James H. Geering, for the motion.
Thomas J. O'Neill, opposed.

GIEGERICH, J.   The defendant moves for an order directing the service of an amended complaint in which the allegations of the common-law and the statutory liability claimed to exist be set forth in separate counts, or that such allegations be separately stated and numbered.

The action is brought by the administrator of an employé against an employer.   In Acardo v. N. Y. Con. & Trucking Co. and N. Y. Con. Co., New Haven Improvements, 102 N. Y. Supp. 7, decided in the Second Department, a copy of the opinion in which is submitted on this argument, the same kind of motion was made for the same relief in the same kind of action.   The Special Term granted the order, but the Appellate Division on appeal directed a reversal.   The court, among other things, said:

>  "The plaintiff set forth an action based upon the defendant's negligence, alleging various grounds of negligence, including common-law grounds and those arising under the employers' liability act.   *   *   *   The plaintiff clearly has but one cause of action, and that is for the damages he has sustained through the actionable negligence of the defendant, if such negligence exists.   Whether the facts bring his case within the employers' liability act or whether he must rely upon his common-law rights must depend upon the evidence which he is able to produce upon the trial, and we can see no good reason for a refinement of the pleadings such as is directed by the order appealed from.   *   *   *   We conclude that the matter directed to be struck out properly belongs in the complaint, and that the plaintiff, having but a single cause of action, may not be compelled to plead two causes, but that the allegations of negligence which are not admitted or proved may be considered as surplusage, and that the plaintiff has a right to submit his case upon the pleadings as they originally stood."

All that was said in that case seems equally applicable in the present case.   On behalf of the defendant it is contended that the decision of the Court of Appeals in Gmaehle v. Rosenberg, 178 N. Y. 147, 70 N. E. 411, destroys the value of the Acardo Case just cited; but, as I read the Court of Appeals opinion, such is not the fact.   That court merely decided that the provisions of the employers' liability act (chapter 600, p. 1748, Laws of 1902), requiring that notice of the time, place, and cause of the injury be served upon the employer within 120 days after

the occurrence of the accident, was limited to actions under that act, and did not apply to causes of action at common law which existed prior to and independently of that act. I am unable to distinguish any conflict or inconsistency between the two decisions, and feel bound to follow the authority of the Acardo Case.

Motion denied, with $10 costs.