## USS v. CRANE CO.

(Supreme Court, Appellate Division, First Department.   May 20, 1910.)

1. MASTER AND SERVANT (§ 87*)—DEATH OF SERVANT—EMPLOYER'S LIABILITY ACT—NEW CAUSE OF ACTION.

Employer's Liability Act (Laws 1902, c. 600), now labor law (Consol. Laws, c. 31), art. 14, gives a new cause of action for injury to or death of a servant not previously existing.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 87.*]

2. PLEADING (§ 367*)—COMPLAINT—DEFINITENESS.

In an action for death of a servant under the employer's liability act, defendant was entitled to have the complaint made more definite and certain by alleging the date on which the required notice was served.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1173–1193; Dec. Dig. § 367.*]

3. PLEADING (§ 52*)—CAUSES OF ACTION—SEPARATE STATEMENT AND NUMBERING.

Where a complaint for death of a servant stated a cause of action at common law and also under the employer's liability act, defendant was entitled to have the causes of action separately stated and numbered.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 113; Dec. Dig. § 52.*]

Appeal from Trial Term, New York County.

Action by Adam Uss, as administrator, etc., of Alexander Uss, deceased, against the Crane Company.   From an order denying defendant's motion to make the complaint more definite and certain, it appeals.   Reversed and motion granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Leventritt, Cook & Nathan (Norman S. Goertz, of counsel, and William L. Cahn, on the brief), for appellant.

Herman B. Goodstein (Jacob C. Brand, of counsel), for respondent.

CLARKE, J.   The plaintiff sues to recover damages for the death of his decedent, caused, it is alleged, by the negligence of the defendant, his employer.   The complaint contains allegations appropriate to an action under the common law as well as to an action brought under the employer's liability act (Consol. Laws, c. 31, art. 14).   Paragraph 8 thereof is as follows:

"That thereafter and prior to the commencement of this action, the plaintiff duly caused notice of the time, place and cause of said injuries and death to be given to the defendant, pursuant to the statute, in such case made and provided."

The defendant moved for an order requiring that the complaint be made definite and certain in the following particulars:

"(1) So that it shall set forth plainly either a cause of action based on the defendant's common-law liability or one based on defendant's statutory liability; (2) so that paragraph 8 of the complaint shall set forth in the place of the word 'duly' the date on which the plaintiff claims to have served notice upon the defendant of the time, place, and cause of his intestate's death; (3) or if the plaintiff desires to set forth two causes of action, one based on

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the defendant's common-law liability and the other based on the defendant's statutory liability, that the plaintiff separately state and number said causes of action."

Said motion having been denied, defendant appeals.

It seems to me to be clear that the employer's liability act (chapter 600 of the Laws of 1902; Consol. Laws, art. 14; Labor Law) gives a new cause of action. It is entitled:

"An act to extend and regulate the liability of employers to make compensation for personal injuries suffered by employés."

It is provided in section 200, par. 2, that the employé "shall have the same right of compensation against the employer as if the employé had not been an employé." Again, in section 201, it is provided:

"No action for recovery of compensation for injury or death under this act shall be maintained unless notice * * * is given * * * and the action is commenced within one year. * * *"

Again, in section 202, "An employé * * * shall not be entitled under this act to any right of compensation in any cases where * * *;" and in section 203 it is provided that an employer who contributes to an insurance fund may set up the fact of such contribution in "mitigation of damages recoverable by an employé under this act."

The evident purpose of the entire statute is to give the servant a right of compensation entitling him to a cause of action which he did not formerly possess. In Harris v. Baltimore Machine & Electric Works, 188 N. Y. 141, 80 N. E. 1028, Gray, J., said:

"It gave an additional cause of action because it prescribed that a master shall be liable for the negligence of the superintendent or the person acting as such. Gmaehle v. Rosenberg, 178 N. Y. 147, 70 N. E. 411. At common law such a liability was not recognized unless the superintending servant was the alter ego of the master with respect to the work."

This case is cited with approval and the foregoing language quoted verbatim in Guilmartin v. Solvay Process Co., 189 N. Y. 490, 82 N. E. 725, and Gallagher v. Newman, 190 N. Y. 444, 83 N. E. 480, 16 L. R. A. (N. S.) 146. See, also, Kleps v. Bristol Mfg. Co., 189 N. Y. 516, 81 N. E. 765, 12 L. R. A. (N. S.) 1038.

In Davis v. Broadalbin Knitting Co., 90 App. Div. 567, 86 N. Y. Supp. 127, affirmed 185 N. Y. 613, 78 N. E. 1102, the court said:

"Irrespective of whether or not an employé still retains his right to bring a common-law action for injuries against his employer, notwithstanding the employer's liability act, if he chooses to bring his action under that act, his proofs must establish a cause of action thereunder. He cannot plead within the precise terms of the act, and then be permitted to prove, if seasonable objection be made, acts of negligence wholly outside his complaint."

Chisholm v. Manhattan Ry. Co., 116 App. Div. 320, 101 N. Y. Supp. 622, Curran v. Manhattan Ry. Co., 118 App. Div. 347, 103 N. Y. Supp. 351, Simpson v. Foundation Co., 132 App. Div. 375, 116 N. Y. Supp. 878, Bertolami v. United Engineering & Contracting Co., 132 App. Div. 804, 117 N. Y. Supp. 826, and the many cases there reviewed establish the proposition that a new cause of action has been given by this legislation.

In Welch v. Waterbury Co., 136 App. Div. 315, 120 N. Y. Supp. 1059, Mr. Justice Woodward said:

"There is no such thing as a blending of a common-law action for negligence resulting in personal injuries and an action under the employer's liability act. Portions of a common-law action cannot be pieced out with the provisions of the employer's liability act and produce a good and valid judgment, and that is exactly what has been attempted here. It is true that both a common-law action and an action under the employer's liability act may be pleaded, and it may be that, in the absence of a demand for an election, the plaintiff is not obliged to say on which cause of action he is proceeding, but we believe no case has yet held that a common-law action pleaded · and tried as such is entitled to the benefits of the special rules laid down for controlling actions under the employer's liability act."

It seems to me that while it is true that the plaintiff is entitled to but one recovery for the damages sustained, and that that recovery depends upon the responsibility of the defendant for the death of his intestate, this fact does not negative the possibility of stating two causes of action therefor, based upon different evidence and controlled by different provisions of law. The action under the employer's liability act must be brought within one year, and a condition precedent is the serving of the prescribed notice within the required time. The complaint at bar avers that such a notice was duly served. The date of such service being material, the motion to make the complaint definite by stating the date of such service should have been granted. If thereupon it should appear not to have been served within the time limited by law, and the defendant should demur upon the ground that the complaint did not state facts sufficient to constitute a cause of action, it would be at once met with the answer that, irrespective of the statute, the complaint at bar sets up facts sufficient to constitute a cause of action under the principles of the common law. It seems to me that no possible harm can come to the plaintiff by requiring him to separately state and number his two causes of action. Such a pleading no more offends than a complaint setting up a demand for a specific sum of money under one count upon contract and upon another on a quantum meruit. We are aware that the Appellate Division in the Second Department has held to the contrary in Acardo v. New York Contracting & Trucking Co., 116 App. Div. 793, 102 N. Y. Supp. 7, but as the learned justice who wrote that opinion was the author of the opinion in Welch v. Waterbury Co., supra, where he says, "There is no such thing as a blending of a common-law action for negligence resulting in personal injuries and an action under the employer's liability act," we are persuaded that if that matter were to come again before that learned court it would follow the logic of its later decision and require upon motion the separate statement of the two causes of action. We believe such to be the proper practice, and that it will tend to clearness and precision in the submission of the controversy.

The order appealed from therefore should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.