The learned Appellate Division of the second department has certified to us the following questions: 1. "In an action for damages for personal injuries by a servant against a master, is it proper for the plaintiff to plead in his complaint as one cause of action facts constituting negligence under the common law; facts constituting negligence under the Employers' Liability Act of the State of New Jersey; and facts constituting negligence under the act of Congress known as the Federal Employers' Liability Act, or any two of said *Page 438 
grounds of liability?" 2. "Should a plaintiff be compelled to separate the facts constituting liability under the aforesaid acts, and plead them as separate causes of action?" 3. "Under the complaint in this case was it proper to direct the plaintiff, in case he desired to rely upon any except the common-law liability of defendant, to separately state the facts constituting the statutory liability and plead them as separate causes of action?"
The complaint upon which these questions arise is simple and precise. It alleges that the defendant is a railroad corporation, operating a line of railroad within certain parts of this state and within parts of the state of New Jersey; that on April 13th, 1910, the plaintiff was a brakeman employed by the defendant on a freight train which was being operated in the vicinity of Little Ferry Junction, in the state of New Jersey; that while the plaintiff in the exercise of his duties, and of due care, was standing upon one of the cars of said train, he was thrown therefrom by the sudden and violent movement thereof and sustained serious bodily injuries; that said injuries were caused by the improper movement of the train upon which the plaintiff was employed, by the person in charge of the locomotive engine attached thereto; by the negligent direction of the conductor or other person in control of signals directing the movement thereof, and of some person who at the time had charge or direction of the movement of said train and was acting as superintendent with the authority and consent of the defendant; that there were defects in the brakes or coupling apparatus upon said train which could have been discovered by the use of ordinary care; that the caboose or car upon which plaintiff was stationed had no platform or guardrail, and that the grab-irons thereon were defective and improperly and inadequately secured, which was due to the neglect of some person in the employ of the defendant intrusted with the duty of seeing that the cars and appurtenances were in proper and safe condition, which defects are also referred to as causes of the accident. Continuing, the complaint proceeds to allege that the train was being used by *Page 439 
defendant as a common carrier between the states of New York, New Jersey and elsewhere, and that the plaintiff was engaged in such commerce when he was injured, and this is followed by a recital of the provisions of the Employers' Liability Act of the state of New Jersey, and an averment of the service of a notice in accordance with its provisions. These several allegations are set forth in the order in which we have stated them, without being specified or numbered as separate causes of action.
The defendant moved at Special Term that the complaint be made more definite and certain in the following particulars: 1. "So that it will set forth the physical cause of the accident by a plain statement of the facts by which the accident was caused or out of which it arose, and which is not accomplished by the mere allegation that `he was thrown therefrom by a sudden and violent action of the train,' nor by the similar allegation of the complaint that `said injuries were caused by the improper movement of the train upon which the plaintiff was at work.'" 2. "So that it will set forth plainly either a cause of action based on defendant's common-law liability, upon the New Jersey Employers' Liability Act, or one upon the Employers' Liability Act passed by the Congress of the United States in 1908." 3. "Or if plaintiff desires to set forth three causes of action, that plaintiff separately state and number such causes of action."
The court at Special Term denied the defendant's motion. An appeal was taken to the Appellate Division, where an order was made which purports to modify, but in fact reverses, the order of the Special Term. The order of the Appellate Division directs the plaintiff to separate and number the causes of action, if he intends to set forth a cause of action other than under the common law; and since the order of the Special Term flatly denied the defendant's motion, it is apparent that there was in fact a reversal although it was called a modification. The distinction is of no importance except to determine the form of the order which we are to to make in disposing of this appeal. *Page 440 
There are times when nothing is more troublesome than the simplicity of our Code pleading, although in the main it works out for good. The question in this case is whether the plaintiff has pleaded a single cause of action, or several distinct and separate causes of action. The Code of Civil Procedure (Section 481) directs that a complaint shall contain a plain and concise statement of the facts constituting each cause of action without unnecessary repetition; and that when a complaint sets forth two or more causes of action the statement of facts constituting each cause of action must be separate and numbered. (Section 483.) The Code contains no definition of what constitutes a single or separate cause of action, and we must, therefore, draw upon other sources of inspiration for the solution of the question. The term "cause of action" is one which has a technical and primary definition, although in practice it has also acquired a much wider secondary and colloquial meaning. In its simplest analysis the term "cause of action" is synonymous with "the right to bring a suit," and that right is based upon the ground or grounds on which an action may be maintained. There is a more technical and scientific definition which is well stated by Pomeroy, in his standard work on Code Pleading, as follows: "If the facts alleged show one primary right of the plaintiff, and one wrong done by the defendant which involves that right, the plaintiff has stated but a single cause of action. * * * On the other hand, if the facts alleged in the pleading show that the plaintiff is possessed of two or more distinct and separate primary rights, each of which has been invaded, or that the defendant has committed two or more distinct and separate wrongs, it follows inevitably, from the foregoing principle, that the plaintiff has united two or more causes of action." Every lawyer knows that for practical and colloquial uses these terms are frequently given a much broader significance. One has only to scan the judicial opinions in cases arising out of personal injuries to employees, to appreciate that they are frequently used interchangeably with the expressions "remedies" or "liabilities." In cases like *Page 441 
the one at bar this is doubtless due to the fact that there are many instances in which the employer may be liable under the common law, and also under one or more statutes which have extended his liability for reasons not cognizable at common law. In such cases the different grounds of liability have sometimes been referred to as "causes of action" when in fact there has been but a single "cause of action" which could be established by evidence appropriate to each of the grounds upon which the employer's liability is predicated, either under the common law or under the statutes. There are other instances in which the statues have created a new or extended liability not known at common law. In such cases it is quite accurate to say that the statute which establishes a new liability also creates a new "cause of action," for without the statute none would exist. In one case the right, the wrong, and the "cause of action" may all depend upon the language of the statute, and in another there may be separate and distinct grounds of liability under the common law, and under one or more statutes, which may be so pleaded as to entitle a plaintiff to recover under one or all. Thus, although there may be various grounds of liability, there can be but one cause of action and one recovery. The complaint before us fairly illustrates the difference between a case wholly dependent upon one or more provisions of specified statutes, and one where the defendant's liability may be predicated either upon the common law, the statutes, or both. It sets forth facts which render the defendant liable at common law; it contains other allegations which tend to support a claim under the Employers' Liability Act which is pleaded; and it pleads still other averments which bring the case within the rule of the Federal statute. Suppose the plaintiff proves them all. Does that establish three distinct rights in the plaintiff, or three independent wrongs against the defendant, or support three separate recoveries? Obviously there is but one primary right, one primary wrong, and one liability. The single wrong has given rise to a single right, which may be established by as many different facts as the nature of the *Page 442 
case may justify or demand. This is the rule which was clearly stated in the early case of Dickens v. New York Central R.R.Co. (13 How. Pr. 228) and which this court has endeavored to consistently follow. That was a case in which the plaintiff sought to recover damages for personal injuries. The complaint contained three separate counts. The second count stated all of the acts of negligence contained in the first count, and one in addition. The third count set forth many acts of negligence not mentioned in the first and second counts. It was held that this was not proper pleading; that the plaintiff had the right to allege in a single count all the different acts of negligence; and that upon the trial the plaintiff could rely on any or all of the acts of negligence sustained by the evidence. To the same effect is Whittier v. Bates (2 Abb. Pr. 477). The rule was again very clearly stated by Mr. Justice WOODWARD in Acardo v.New York Contracting T. Co. (116 App. Div. 793). That was a case in which the complaint contained some allegations designed to cover a case at common law, and other averments to support a claim under the Employers' Liability Act. In reversing an order requiring the plaintiff to serve an amended complaint separately stating facts constituting liability under the common law and under the statute the learned justice said: "The plaintiff clearly has but one cause of action, and that is for the damages he has sustained through the actionable negligence of the defendants, if such negligence exists; whether the facts bring his case within the Employers' Liability Act, or whether he must rely upon his common-law rights, must depend upon the evidence which he is able to produce upon the trial, and we can see no good reason for a refinement of the pleadings such as is directed by the order appealed from. If the plaintiff establishes his cause of action under the Employers' Liability Act, the common-law allegations are mere surplusage, just as a portion of them would be if various common-law grounds were asserted and only one of them proved." (p. 794.) In the later case of Welch
v. Waterbury Co. (136 App. Div. 315) there was an appeal from a *Page 443 
judgment based upon a common-law complaint, but submitted to the jury under the Employers' Liability Act. The judgment was reversed upon the ground that the plaintiff had sued upon one theory and had been permitted to recover upon another. The same learned justice who wrote for his court in the Acardo case wrote the opinion in the Welch case, and in the latter he made use of some expressions which seem to indicate that he and his associates had changed their views, but when we look to the two opinions for what was decided, rather than for what was said, we find no inconsistency between them. In the Acardo case the question was one of pleading. In the Welch case the question was whether a judgment could be sustained upon a theory not set forth in the complaint. In the more recent case of Uss v.Crane Co. (138 App. Div. 256) the question of pleading was also directly involved, and there the learned Appellate Division of the first department held that the defendant was entitled to compel the plaintiff to separately state and number as distinct causes of action grounds of liability under the common law and under the Employers' Liability Act, "so that the defendant could demur to the statutory action if barred." In that case Mr. Justice CLARKE stated that the evident purpose of the Employers' Liability Act "is to give the servant a right of compensation entitling him to a cause of action which he did not formerly possess." (p. 258.) In support of this statement he cites the language of Judge GRAY in Harris v. Baltimore Machine Elevator Works (188 N.Y. 141), which in turn refers to Gmaehle
v. Rosenberg (178 N.Y. 147, 151), where Judge CULLEN, in speaking of the Employers' Liability Act, says: "It is clear that it has given an additional cause of action where it prescribes that the master shall be liable for the negligence of the superintendent or any person acting as such." When we turn to these cases to see what was decided it becomes apparent that the expressions quoted from them have been too broadly construed. In the Gmaehle case the sufficiency of the complaint was questioned by demurrer. There the defendant argued that the action was brought under the Employers' Liability *Page 444 
Act and that the complaint was defective because it failed to allege the service of a proper notice under the statute. This court held that the complaint did not purport to state a cause of action under the statute, but was a good pleading under the common law and, therefore, it was not necessary to plead service of notice. In the Harris case the appeal was from the judgment upon the verdict. At the close of the evidence the trial justice suggested that no common-law right of action had been established. The plaintiff elected to treat the action as one brought under the Employers' Liability Act. Upon appeal to this court the complaint was held sufficient. In neither of the opinions in these two cases do we find any expression or intimation to the effect that when an injured employee, who sues his employer for damages for negligence, so frames his complaint as to entitle him to give evidence either under the common law or under the statutes or under both, he pleads separate and distinct causes of action which must be set forth in separate and numbered paragraphs. Quite a contrary conclusion must follow when the whole context of these opinions is considered. We think such a complaint pleads but a single cause of action, although it may specify different acts of negligence, some of which create a liability only under the common law and others of which create a liability only under the statute. This view of the subject is entirely consistent with the statement that the statute may have given an additional or new cause of action, for that is literally true in all cases where the common law affords no relief, and where the only right to recovery is created by the statute. In the Uss case Mr. Justice CLARKE argued, with much force, that the combination of several grounds of liability in a single count of a complaint may prevent a defendant from demurring to such parts thereof as would be plainly open to attack if separately numbered. That may be the result in some cases, but we think it can do little practical harm, since a defendant always has the power to limit the issues and to ascertain what he must meet by demanding a bill of particulars. We are convinced, moreover, that the *Page 445 
occasional inconvenience in such instances will be more than offset by a general and consistent adherence to the simpler forms of pleading.
The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs to the appellant in both courts. The first question certified to us is answered in the affirmative; the second and third in the negative.
CULLEN, Ch. J., VANN, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur; HAIGHT, J., absent.
Order reversed, etc.