■ PAUL FARRUGGIA, an Infant, by His Guardian ad Litem JAMES W. FARRUGGIA, Respondent, v. TOWN OF RIVERHEAD, Appellant.— In a negligence action to recover damages for personal injuries, defendant appeals from an interlocutory judgment of the Supreme Court, Suffolk County, entered September 18, 1969, in favor of plaintiff upon the issue of liability, upon a jury verdict rendered after trial upon that issue. Interlocutory judgment reversed, on the law, and new trial granted in the interests of justice, with costs to appellant to abide the event, and with leave to plaintiff to serve an amended complaint within 20 days after entry of the order hereon in accordance with the views expressed herein. This court has considered the questions of fact and has determined that it would not grant a new trial upon those questions. The lack of clarity as to the theory of the action and the resultant confusion at the trial mandates a new trial. The pleadings and the entire conduct of the trial were based on common-law negligence. It was only on this appeal that mention of possible recovery under a statutory cause of action was first made. Thus the learned Trial Justice's charge that proof of contributory negligence was the burden of defendant was erroneous in the common-law context of the case. Defendant prior to the charge did not have notice or knowledge of any statutory cause of action or of any special burden of proof under the now-asserted Employers' Liability Law. Plaintiff may serve an amended complaint containing a cause of action in common-law negligence, as well as a cause of action under the Employers' Liability Law (*Payne* v. *New York Susquehanna & Western R. R. Co.*, 201 N. Y. 436). The statutory cause of action makes contributory negligence a defense to be pleaded and proved. In order for plaintiff to be able to plead under the statute, he must allege that he is an employee of defendant. In our opinion the notice which was served pursuant to section 50-e of the General Municipal Law met the requirements of the notice required to be served pursuant to section 3 of the Employers' Liability Law. The latter statute requires the action to be commenced within one year after the occurrence of the accident causing the injury. The record indicates that the summons was served within one year and 90 days after the occurrence of the accident on February 15, 1967. The plaintiff was born on January 25, 1949 and remained an infant until January 25, 1970. CPLR 208 acted to toll the time limitation during the infancy of plaintiff (*Russo* v. *City of New York*, 258 N. Y. 344; *La Fave* v. *Town of Franklin*, 20 A D 2d 738; *Abbatemarco* v. *Town of Brookhaven*, 26 A D 2d 664). Christ, P. J., Rabin, Hopkins, Brennan and Benjamin, JJ., concur.