NORMAN C. HARRIS, Respondent, v. BALTIMORE MACHINE AND ELEVATOR WORKS, Appellant.

1. EMPLOYERS' LIABILITY ACT (L. 1902, CH. 600) — PLEADING.  It is not necessary, in order to plead a cause of action under the Employers' Liability Act (L. 1902, ch. 600), that its precise language should be made use of, provided that it appear plainly from what is alleged that the cause of action was within the provisions of the act and that its requirement of the giving of a notice to the defendant has been complied with.

2. SAME — NEGLIGENCE — ACTION BY SERVANT TO RECOVER FOR INJURIES CAUSED BY NEGLIGENCE OF EMPLOYER'S SUPERINTENDENT — SUFFICIENCY OF ALLEGATIONS OF COMPLAINT.  Where, in an action brought by an employee of a foreign corporation to recover for injuries sustained by him by reason of the fall of a defective and unsafe elevator, constructed by and then being operated under the supervision and control of the defendant, which the plaintiff had entered in obedience to orders of the defendant's superintendent, the complaint states all the facts necessary to be proved to establish that the negligence which occasioned the happening of the accident was that of defendant's superintendent and then alleges that " within 120 days after the occurrence of said accident * * * and on the 18th day of March, 1903, due notice in writing of the time, place and cause of the injury was given in the manner provided by and pursuant to chapter 600 of the Laws of 1902," such complaint states facts sufficient to constitute a cause of action under the Employers' Liability Act.

*Harris* v. *Baltimore Machine & Elevator Co.,* 112 App. Div. 389, affirmed.

(Argued March 11, 1907; decided April 2, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered April 24, 1906, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Theron G. Strong* for appellant.  The complaint fails to state facts sufficient to constitute a cause of action under the Employers' Liability Act.  (*Kleps* v. *B. Mfg. Co.,* 107 App.

Div. 488; *Gmaehle* v. *Rosenberg*, 178 N. Y. 147; *Ward* v. *M. R. Co.*, 95 App. Div. 437; *Schermerhorn* v. *G. F. C. Co.*, 94 App. Div. 600; *Austin* v. *Goodrich*, 49 N. Y. 266; *Lewis* v. *Howe*, 174 N. Y. 430; *Braunberg* v. *Solomon*, 102 App. Div. 330; *Sutherland* v. *Ammann*, 112 App. Div. 332; *Grasso* v. *Holbrook*, 102 App. Div. 49; *Brighton* v. *Claflin Co.*, 180 N. Y. 76.) The court erred in charging the jury as a matter of law on the facts of the case that it was defendant's duty to " use ordinary care and prudence for providing a reasonable safe elevator" for plaintiff's use. (*Perry* v. *Rogers*, 157 N. Y. 251; *Brick* v. *R., N. Y. & P. R. R. Co.*, 98 N. Y. 211; *Hartman* v. *Clarke*, 104 App. Div. 62; *Foster* v. *I. P. Co.*, 71 App. Div. 47; *Butler* v. *Townsend*, 126 N. Y. 105; *O'Connell* v. *Clark*, 22 App. Div. 466; *Brown* v. *Terry*, 67 App. Div. 223; *Smith* v. *E. T. Co.*, 89 Hun, 588; *Armour* v. *Hahn*, 111 U. S. 313.)

*Herbert T. Ketcham* and *Joseph E. Owens* for respondent. The complaint fairly states facts sufficient to constitute every cause of action under the Employers' Liability Act, which was submitted to the jury. (*Broullette* v. *C. R. R. R. Co.*, 162 Mass. 198; *Bowers* v. *C. R. R. R. Co.*, 162 Mass. 312; *Prendible* v. *C. R. Mfg. Co.*, 160 Mass. 131; *Wall* v. *B. W. Co.*, 18 N. Y. 119; *Kerr* v. *Hays*, 35 N. Y. 331; *Stuber* v. *McEntee*, 142 N. Y. 200.) The instruction to the jury that it was the defendant's duty to use ordinary care and prudence for providing a reasonably safe elevator " for the purpose for which it was being used on the day in question" was proper, especially when considered with the context and general spirit of the charge. (*McGinley* v. *U. S. L. Ins. Co.*, 77 N. Y. 495.)

GRAY, J. The question of interest to the profession, in this case, is as to the sufficiency of a complaint under the Employers' Liability Act (Laws 1902, ch. 600). This action was brought to recover damages for the injuries sustained by the plaintiff by reason of the negligence of his employer. The complaint

alleged, in substance, that the plaintiff was directed by the defendant, a foreign corporation, in whose employ he was, to enter an elevator, " which the defendant had constructed and then had under its supervision and control ; " that the elevator was negligently constructed by the defendant ."in that the steel ·rope, or cable, by which the elevator car was suspended\* \* \* \* was loosely \* \* \* and improperly fastened to the top of the car and that the safety appliances \* \* \* had not been attached thereto ; " that by reason of the defendant's negligence " in directing the plaintiff to enter the car, while it was in said condition," and without fault on plaintiff's part, the " cable became unfastened from the elevator " and the car fell, and that, by reason of the premises, the plaintiff sustained certain injuries.   The final paragraph of the complaint alleged that " within 120 days after the occurrence of the said accident . \* \* \* and on the 18th day of March, 1903, due notice in writing of the time, place and cause of the injury was given to the defendant in the manner provided by and pursuant to Chapter 600 of the Laws of 1902."

Upon the trial proof was given upon which the jury returned a verdict against the defendant and the unanimous affirmance by the Appellate Division of the plaintiff's judgment is conclusive upon us that the facts sufficiently supported the verdict.   At the opening of the trial, at the close of plaintiff's case and at the close of the evidence, the defendant moved that the plaintiff be compelled to elect whether he proceeded at common law, or under the Employers' Liability Act.   The motions were, at first, denied ; but, when the evidence was all in, the plaintiff was directed to, and did, elect to proceed under the act, after a suggestion by the trial court that there was no common-law cause of action.   The appellant argues that the complaint failed to state facts sufficient to constitute a cause of action under the Employers' Liability Act ; that, therefore, his motion to dismiss it for that reason should have been granted, and that the denial was error.

We think that the complaint was sufficient, in the respect argued by the appellant.   The Employers' Liability Act

extended the liability of the employer of labor at common law and, in order to sufficiently plead a cause of action thereunder, required, as a condition precedent to a recovery, that notice be given of the accident to the master. It gave an additional cause of action; because it prescribed that a master shall be liable for the negligence of the superintendent, or the person acting as such. (*Gmaehle* v. *Rosenberg*, 178 N. Y. 147.) At common law such a liability was not recognized; unless the superintending servant was the *alter ego* of the master with respect to the work.

This complaint not only set forth facts showing a defect in the condition of the machinery connected with the employers' business, due to his negligence, but necessarily, as the employer was a corporation, predicated the charge of the negligence from which he suffered, namely, a direction to enter an unsafe elevator, upon the act of one of its servants.

Further, the allegation in the complaint as to notice, specifically, drew the attention of the defendant to the fact that the plaintiff was resting his cause of action, and was depending, upon the provisions of the Employers' Liability Act.

The proofs established that the negligence, which occasioned the happening of the accident, was that of the defendant's superintendent. The failure to insure the safety of the attachment of the cable to the elevator, by fastening the ends properly, was due to his neglect and, when the plaintiff came to work at the place, it was the superintendent who directed him to go upon it for the purpose.

It is not necessary, in order to plead a cause of action under the Employers' Liability Act, that its precise language should be made use of; provided that it appear plainly from what is alleged that the cause of action was within the provisions of the act and that its requirement of the giving of a notice to the defendant has been complied with. That is this case.

The ruling upon the degree of care due from the defendant, with respect to providing a reasonably safe elevator, is to be considered in the light of the facts; which showed it to be one

in the course of construction and installation.  It was in use for the purpose of the work, which plaintiff was directed to perform, on the day in question and the main charge fairly described the situation.  The jury could not have been misled upon the subject of the measure of defendant's duty to the plaintiff, nor have supposed that it was greater than an obligation to provide a safe place for the plaintiff to work upon.

The judgment should be affirmed, with costs.

CULLEN, Ch. J., VANN, WERNER, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Judgment affirmed.