(132 App. Div. 501.)

#### ENGLISH v. MILLIKEN BROS., Inc.

(Supreme Court, Appellate Division, Fourth Department. May 5, 1909.)

1. MASTER AND SERVANT (§ 107*)—INJURY TO SERVANT—IMPROPER APPLIANCES —NEGLIGENCE.

　　If a person, directing workmen who were raising a heavy steel truss with a chain and hook, knew that the hook was defective, or could have known it, he was negligent in permitting and directing its use, where such use resulted in injury to one of the workmen.

　　[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 107.*]

2. MASTER AND SERVANT (§ 182*)—INJURIES TO SERVANT—ACTS OF SUPERINTENDENT.

　　Under Employer's Liability Act (Laws 1902, p. 1748, c. 600) § 1, subd. 2, giving a cause of action to an employé against his employer for the negligence of another employé, the same as though plaintiff had not been

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

an employé, where the negligent employé is a person intrusted with and exercising superintendence, etc., if one employé, negligently causing injury to another by permitting the use of a defective chain, was a superintendent, the employer would not be absolved from liability, even if it had an abundant supply of good chains and the superintendent had neglected to substitute a good one for the defective chain.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 371, 372; Dec. Dig. § 182.*]

3. MASTER AND SERVANT (§ 252*)—INJURIES TO SERVANT—EMPLOYER'S LIABILITY ACT—NOTICE—SUFFICIENCY.

Under Employer's Liability Act (Laws 1902, p. 1749, c. 600) § 2, providing that no notice of claim required by the section shall be deemed insufficient solely by reason of inaccuracy in stating the time, place, and cause of injury, if there was no intention to mislead, and the employer was in fact not misled, a notice stating that the place of accident was the village of Seneca Falls, Seneca county, N. Y., while in the employ of the defendant, which was constructing a large iron frame building for a stated company, was not insufficient as to statement of place, where no injury was done the employer therefrom and the employé had no intention to mislead.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 806; Dec. Dig. § 252.*]

4. MASTER AND SERVANT (§ 252*)—INJURIES TO SERVANT—EMPLOYER'S LIABILITY ACT—OBJECT OF NOTICE.

The object of the notice of claim required by Employer's Liability Act (Laws 1902, p. 1749, c. 600) § 2, requiring notice of the time, place, and cause of injury to be given the employer, is to enable the employer to investigate the claim intelligently.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 806; Dec. Dig. § 252.*]

Appeal from Trial Term, Ontario County.

Personal injury action by Howard R. English, an infant, by Milton T. Myers, his guardian ad litem, against Milliken Bros., Incorporated. There was a verdict for defendant. A new trial was granted, and defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

White, Cheney, Shinarman & O'Neill, for appellant.
E. A. Griffith, for respondent.

WILLIAMS, J. The order should be affirmed, with costs. The action was brought to recover damages for personal injuries, alleged to have resulted from defendant's negligence. The jury rendered a verdict for defendant. The motion was based on all the grounds specified in section 999 of the Code of Civil Procedure, and was granted without in the order specifying any particular ground. An opinion was written by the trial justice, in which he placed his decision upon an alleged error in his charge, in that he held as matter of law that one Fitz Herbert, who was directing the work at the time of the accident, was not a superintendent, nor exercising acts of superintendency, under the employer's liability act, and refused to submit those questions to the jury, and that therefore the case was not submitted to the jury upon a proper theory. The plaintiff was injured while in

defendant's employ by the falling of a heavy steel truss upon him. Several men were engaged in raising the truss, and Fitz Herbert was at least the foreman of the gang.

First. The plaintiff claims that the accident was the result of a defective hook upon a chain being used, while the defendant claims that the accident resulted 'from the careless adjustment of a perfect hook, one free from any defect. The jury was instructed to determine which of these two claims was correct, whether the hook was perfect or defective. If it was merely a matter of careless adjustment, there could be no recovery at all. Plaintiff's right to recover involved a finding that the hook was defective, and that such defect caused the accident, and then the question arose whether the defendant was guilty of negligence in the use of such defective hook. The defendant was a corporation. It had a superintendent, Dunning, who was not present at the time of the accident. Fitz Herbert was there, and was apparently the only person in charge of the work and giving direction as to how it should be done. The defect alleged was that the hook in its perfect condition had a space of only $1\frac{1}{2}$ inches between the point and the body of the hook, and at the time of the accident it had been sprung so that the distance between the point and the body of the hook was 2 inches. This condition was not shown to have existed longer than a half hour before the accident; but during that time it was claimed that this defective condition was the subject of conversation between the men, and that Fitz Herbert knew or should have known of its condition before he directed its use when the accident occurred. If this was true, then he was negligent in permitting and directing the use of this chain, and the question is whether his negligence was chargeable to the defendant. It is just this point we are interested in here, the relation between Fitz Herbert and the defendant.

There are two subdivisions of section 1 of the employer's liability act (chapter 600, p. 1748, Laws 1902). In substance the section provides for a right of action by an employé against his employer for the negligence of another employé, the same as though the plaintiff had not himself been an employé, under subdivision 1 where the employé guilty of negligence is a person intrusted with the duty of seeing that the ways, works, and machinery are in proper condition, and under subdivision 2 where such employé guilty of the negligence is a person intrusted with and exercising superintendence as his sole or principal duty, or acting as such superintendent, with the authority or consent of the employer, in the absence of the principal superintendent. Now the trial court held that Fitz Herbert was not a superintendent, and that a recovery could not be had for his negligence as such under the second subdivision of the section 1 above referred to; but he did charge the jury that a recovery might be had under the first subdivision, if they found the facts with the plaintiff. In making this charge, however, the trial court added a qualification to the effect that there could be no recovery for Fitz Herbert's negligence, even though he was intrusted with the duty of seeing that the chain was in a proper condition, if the employer had furnished an ade-

118 N.Y.S.—3

quate supply of chains in proper condition, and Fitz Herbert had neglected, on discovery that the chain being used was defective, to replace it with a chain free from defect from the supply on hand. This qualification was excepted to by the plaintiff.

I have serious doubt as to the correctness of this qualification, charged under the first subdivision of section 1; but certainly, if the court had submitted the case under the second subdivision, no such qualification could have been properly charged. As superintendent he stood in the place of and represented the employer itself, and the latter could not allege that it was free from negligence when from its own abundant supply of chains it neglected to replace a defective one with one in proper condition. Connelly v. Hall & Grant Const. Co., 192 N. Y. 182, 84 N. E. 807. The case was not, therefore, submitted to the jury as favorably to the plaintiff under the employer's liability act as it should have been, if there was evidence making the question of Fitz Herbert's superintendence one of fact for the jury, instead of one of law for the court.

The jury appreciated the effect of this qualification charged by the court, because just before their agreement they came into court and made inquiry as to this precise point. The court thereupon made the qualification so clear that no one could mistake it, and the jury then readily rendered a verdict for the defendant. The evidence apparently was quite clear that there was a supply of chains from which Fitz Herbert might have procured one in proper condition to replace the defective one in question. I think this question of superintendence was at least one of fact, and that the plaintiff was entitled to have the case submitted to the jury upon that theory. McHugh v. Manhattan Ry. Co., 179 N. Y. 378, 72 N. E. 312; Faith v. N. Y. C. & H. R. R. Co., 109 App. Div. 222, 95 N. Y. Supp. 774, affirmed 185 N. Y. 556, 77 N. E. 1186; Connelly v. Hall & Grant Const. Co., supra; Harris v. Baltimore Mach. & Elec. Works, 188 N. Y. 141, 80 N. E. 1028; Guilmartin v. Solvay Process Co., 189 N. Y. 490, 82 N. E. 725; Gallagher v. Newman, 190 N. Y. 444, 83 N. E. 480, 16 L. R. A. (N. S.) 146.

Many cases have been decided in the Appellate Division; but they are all based upon some of the cases in the Court of Appeals to which reference is made above. I do not regard it as necessary to discuss the evidence. It was sufficient to take the case to the jury upon this question.

Second. I think the notice of the plaintiff's claim under Employer's Liability Act, § 2, was sufficient. The notice is required to state the time, place, and cause of the injury. It is claimed the place was not sufficiently stated. It was stated that the place was the village of Seneca Falls, Seneca county, N. Y., while in the employ of the defendant, which was constructing a large iron frame building for the Gould Company. The statute provides that no notice shall be deemed insufficient or invalid, solely by reason of any inaccuracy in stating the time, place, or cause, if there was no intention to mislead and the employer was not in fact misled. It is held that the object of the notice is to enable the employer to investigate the claim

and to do so intelligently. It is apparent in this case that no injury was done the defendant by any imperfect statement of the place where the injuries were received, and there was no intention on the part of the plaintiff to mislead the employer. See Heffron v. Lock Steel Co., 121 App. Div. 35, 105 N. Y. Supp. 429, affirmed by Court of Appeals March 6, 1909, and Finnigan v. N. Y. C. Co., 194 N. Y. 244, 87 N. E. 424.

Third. So far as the granting of a new trial might have been based upon the finding by the jury of the facts from the evidence, we rely upon the discretion and judgment of the trial court ordinarily, and do not examine or weigh the evidence. Our conclusion is that the order appealed from should be affirmed.

Order affirmed, with costs. All concur.