(142 App. Div. 517.)

**VAN FLEET v. NEW ERA CONST. CO.**

(Supreme Court, Appellate Division, Second Department.   January 27, 1911.)

1. PLEADING (§ 264*)—AMENDMENT—CONSTRUCTION.

In an action for the balance due on a building contract, and for the price of additional material, defendant pleaded as a defense that plaintiff had furnished but part of the material called for by the contract. which was inferior, and also pleaded, as a counterclaim, an accounting between the parties, whereby a certain amount was found due to defendant. Defendant put in evidence two notes of plaintiff to a third person and indorsed by the payee. Plaintiff testified that he had sent the notes to the defendant for discount and had received the proceeds, but it did not appear that he had paid the notes. Defendant moved to amend the answer by setting up the payment of the notes by defendant on account of the subject-matter of this action and the including of those two items in the accounting. The referee ruled that he would "permit them to amend." Subsequently defendant gave evidence that it had discounted the notes, and that the money had been given to plaintiff. In his decision, the referee refused to consider the notes, except in connection with the accounting on which the counterclaim was wholly based, and also found that there had been no accounting. *Held*, that the motion to amend was broad enough to permit an amendment exclusive of the alleged accounting, and, the motion having been granted without limitation, it was reversible error to consider such items only as an incident to the accounting where the amount represented by the notes was a substantial one.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 264.*]

2. CONTRACTS (§§ 295, 346*)—BUILDING CONTRACT—PERFORMANCE BY AGENT.

The plea of performance of a building contract made by a principal admits of performance by an agent, whether the principal performs personally or by agent being a matter of evidence, not pleading, and where a contractor's agent procured and supplied material in the substantial performance of the contractor's contract, and the other party to the contract, fully aware of the fact, acquiesced in such action, and accepted and used the material so furnished, there was a substantial performance by the contractor.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. §§ 295, 346.*]

Appeal from Trial Term, Orange County.

Action by Wilbur Van Fleet against the New Era Construction Company. Judgment for plaintiff, and defendant appeals. Reversed and new trial granted, unless remittitur be made.

See, also, 128 App. Div. 900, 112 N. Y. Supp. 1149.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Alexander Pfeiffer (Reuben Rodecker, on the brief), for appellant. John Bright, for respondent.

JENKS, P. J.   The plaintiff upon a plea of performance of a contract made in February, 1907, sues to recover $4,470, the balance due thereon, and for $269.75, the agreed price of certain additional material.   The plaintiff admitted the payment of $500 and credited the defendant with $2,150, the price of certain materials which were omitted at the request of the defendant.   The defendant admitted the making of a contract, but in effect made general denials, pleaded as a sep-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

arate defense that the plaintiff had furnished but a part of the trim called for by the contract, which was inferior and unfit within the requirements of the contract, and as a separate defense and counterclaim an accounting between the parties whereby $1,000 was found due to the defendant. The action was tried by a referee who found substantial performance and gave judgment for the plaintiff for $1,935.46, which represents the full amount with $125 for additional material, less credits to the defendant of $5,310.29. He also found that there had not been an accounting. The defendant appeals.

The defendant produced and read in evidence two negotiable promissory notes made by the plaintiff to the Ontario Lumber Company and indorsed by it, dated May 13, 1907, and March 7, 1907, for $400 and $381, respectively. The plaintiff testified that he had sent the notes to the president of the defendant for discount, and that he had received the proceeds. It did not appear that he had paid the notes. Thereupon the defendant moved to amend the answer "by setting up the payment of these two notes by this defendant on account of the subject-matter of this action, and including of those two items in the accounting.". The learned referee ruled, under exception, that he would "permit them to amend." Later in the trial the general manager of the defendant testified that the defendant had discounted the notes, and the money had been given to the plaintiff. This testimony the plaintiff did not deny. When the learned referee came to decision, he refused to consider the notes upon the express ground that they could only be considered as incident to the alleged accounting, inasmuch as the counterclaim was based solely thereon. I think that such construction of the amendment is too narrow. The motion was in terms broad enough to permit an amendment exclusive of the alleged accounting. In express terms it asked permission to set up the payment of the two notes by the defendant on account of the subject-matter of this action, and the motion was granted without limitation. It was not necessary to ask any amendment so as to include the two items in the accounting, for the reason that the defendant had pleaded theretofore an accounting, and had furnished a bill of particulars which contained this statement:

"(k) For moneys paid by defendant by direction of the plaintiff to take up and pay for plaintiff two certain notes made by him to the Ontario Lumber Company, one for $381.94, dated March 7, 1907, and the other for $400, dated May 13, 1907, which, with interest, amounts in all to the sum of $801.67."

The expression used was to plead "payment * * * on account of the subject-matter of this action," and I take it that the mover had in mind the expression of section 501 of the Code of Civil Procedure which, in definition of a counterclaim, refers to a "cause of action connected with the subject of the action." The subject-matter of the action was not an accounting, but an alleged contract. The fact that the mover added the words, "and the including of those two items in the accounting," does not indicate that he moved to amend only to include the two notes in the accounting, but merely that he intended to preserve the notes as items in the accounting already pleaded, and theretofore stated in its bill of particulars. The evidence adduced as to the

history of the notes, their origin, disposition, discount, and possession was not confined to the alleged accounting, but was offered and· was received as bearing generally upon an issue in the case, while I fail to find that at any time there was any ruling, remark, or intimation from the referee that indicated that the amendment allowed was limited to the plea of an accounting. As the amount represented by the notes is a substantial sum, I think that the defendant was entitled to have that sum considered upon its merits by the referee, and that the omission to do so constitutes reversible error.

The learned referee reached his conclusion of substantial performance by considering that material supplied by third parties was in complement of the contract. There was evidence that the plaintiff in a writing of June 4, 1907, had authorized Ramer, who appears as a go-between of the parties, to act as "his representative" to select and reject any trim which he considered unfit, and to have the same replaced, and this authorization followed a recital that the material theretofore delivered "is to a great extent unfit to be used." Friedman, the defendant's manager, testifies that, after the giving of this written authority, he "authorized" Ramer to procure material from Kilough. Ramer testifies that he did so, and that Hall, who at first had actually supplied the material through Kilough, replaced Kilough after the latter's death. Examination of Hall's account shows that it ran to Kilough and the New Era Construction Company. The plaintiff admits that Ramer told him that he had replaced some of the trim. The referee gave credence to the testimony that Hall supplied to the defendant trim to the amount of $2,083.44, and, as I have said, he found that this was in complement of the plaintiff's contract, so that the finding of substantial performance in part rests upon the material then obtained from Hall. The evidence, then. is sufficient to show 'hat Ramer was the agent of the plaintiff, and that as such agent he procured and supplied material in the execution of the plaintiff's contract, that the defendant, fully aware of the facts, acquiesced in such action, and accepted and used the material thus furnished. In this case it could make no substantial difference to the defendant whether the plaintiff made or procured the material so long as it was accepted and used. This is not a case when one party, through the default of the other, is forced into the market to make good that default, for the defendant's manager expressly testifies, referring to the material furnished by Hall:

"I didn't buy any of it. The New Era Construction Company didn't buy any of it. Mr. Ramer got it. This was purchased after this letter of June 4, 1907."

I think that the fact that Hall's bills were paid by the defendant does not alter the situation. The last witness named also testifies that "these arrangements with regard to charges and so forth were all contracted by Mr. Ramer." And the said written authorization to Ramer at the close thereof reads, "said sum paid for such to be deducted from contract entered with the New Era Const. Co." And, although it may be argued that this clause should be limited to "wardrobes and dressers," yet I think that it may be construed as an authorization to

charge the cost of all of the material mentioned against his contract. This letter was shown to the defendant, who thereupon "authorized" Ramer to proceed. The charge, of course, is now made by the referee against the plaintiff.

But the appellant invokes the rule of secundum allegata et probata as against the recovery in this action. The plaintiff pleaded "that he had duly performed and completed" the contract, and he was allowed to amend by pleading a substantial performance. The plea of performance made by a principal admits of performance by an agent. Whether he performed personally or by agent is a matter of evidence, not pleading. Harris v. Baltimore Machine & Elevator Co., 112 App. Div. 389, 98 N. Y. Supp. 440, affirmed 188 N. Y. 141, 80 N. E. 1028; King v. Fitch, 2 Abb. Dec. 515. It is quite true that the plaintiff sought throughout to prove performance independent of the material furnished by Hall, but the referee has found that there was no substantial performance without the material that was furnished by plaintiff's agent. The allegation of performance "might be proved by any circumstances going to establish it." Place v. Minster, 65 N. Y. 89–102. See, too, Reed v. McConnell, 133 N. Y. 434, 31 N. E. 22. The plaintiff has not alleged one cause of action and proved another. He has alleged substantial performance, which he has not proved by the evidence which he thought was sufficient to prove it, but which was proved by evidence in the case adduced by him and by the defendant. In Romeyn v. Sickels, 108 N. Y. 650, 15 N. E. 698, a case largely relied upon by the appellant, the referee, it is said, "decided the law upon a cause of action not stated in the pleadings, or established, as we think, by the evidence."

I advise that the judgment be reversed and a new trial be granted, costs to abide the event, unless the plaintiff within 10 days stipulate to deduct from the judgment the amount of the two notes with interest thereon, in which event the judgment as so modified is affirmed, but without costs. All concur.