Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by the William H. Curtin Manufacturing Company against Ottilie Jaeckel and others. From a judgment for defendants, plaintiff appeals. Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, RICH, and CARR, JJ.

Philip Huntington, for appellant.

W. A. Fischer, for respondents.

PER CURIAM. This is an appeal from a judgment dismissing the plaintiff's complaint, in an action brought to recover for goods sold. The plaintiff furnished some patent valves on the risers of a steam-heating plant in the property of the defendants. As to this there is no dispute. The plaintiff furnished these goods on an order of the architect employed by the defendants, and their reasonable value was $50, according to the proof. The defendants claim that, while they directed the architect to order the installation of these goods, they thought this work was covered by another contract between them and the plaintiff for the installation of a general steam heating plant.

The undisputed proof is that no provision was made for the installation of these valves in the original contract between the plaintiff and the defendants. Therefore the work, if ordered by the defendants, was extra work unquestionably. At the trial the defendants gave evidence tending to show that they had requested their architect to make provision for these valves in the original contract; but, as no such provision was made in the original contract, the defendants cannot defeat the right of the plaintiff to recover for work and materials furnished by their order, simply because their architect had omitted to follow out their wishes in the preparation of his plans and specifications for work to be done under the original contract.

The judgment of the Municipal Court should be reversed, and a new trial ordered; costs to abide the event. All concur.

---

PAYNE v. NEW YORK, S. & W. R. CO.

(Supreme Court, Appellate Division, Second Department. December 2, 1910.)

PLEADING (§ 52*)—COMPLAINT—SEPARATE CAUSES OF ACTION.

A complaint in an action for injuries to a servant, which contains allegations permitting the servant to invoke either the common law, the federal employer's liability act, or the employment liability act of a state, sets forth three distinct causes of action; and the court, on motion to make the complaint more definite and certain, must direct plaintiff to separate and number the causes of action, if he intends to set forth a cause of action other than under the common law.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 52.*]

Appeal from Special Term, Orange County.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by James W. Payne against the New York, Susquehanna & Western Railroad Company. From an order denying a motion to make the complaint more definite and certain, defendant appeals. Modified and affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, CARR, JENKS, and THOMAS, JJ.

Watts, Oakes & Bright, for appellant.

Abram F. Servin and Rosslyn M. Cox, for respondent.

THOMAS, J. This is an appeal from an order denying defendant's motion to make the complaint more definite and certain, wherein it alleges that the plaintiff was thrown from a car "by a sudden and violent action of the train," and a similar allegation that "said injuries were caused by the improper movement of the train upon which plaintiff was at work," and also by setting forth plainly either a cause of action based on defendant's common-law liability, or upon the New Jersey employment liability act, or upon the employer's liability act passed by Congress in 1908, or by setting forth three separate causes of action.

The only question is whether, if plaintiff intends to rely upon the common law, or one or both of the statutes, he should so state. There are three possible causes of action, each distinct from the others. Plaintiff relies upon Acardo v. New York Contracting & Trucking Co., 116 App. Div. 793, 102 N. Y. Supp. 7, which does not necessarily aid him, while Uss v. Crane Co., 138 App. Div. 256, 123 N. Y. Supp. 94, and Gmaehle v. Rosenberg, 178 N. Y. 147, 70 N. E. 411, support the defendant. The complaint furnishes a statement which permits the plaintiff to invoke either the common law, the federal statute, or the statute of New Jersey, which is set out. If the plaintiff may rely upon one or all of these causes of action at the time of trial, I think he should so state, to enable defendant to know what he may meet. These causes of action are entirely distinct, and there is no reason whatever for allowing the plaintiff to conceal his claim until the trial is under way.

I think the order should be modified, by directing the plaintiff to separate and number the causes of action, if he intends to set forth a cause of action other than under the common law, and, as so modified, the order should be affirmed, without costs. All concur.