GARY E. LOCKWOOD, an Infant, by EARLE J. LOCKWOOD, His Guardian ad Litem, et al., Plaintiffs, *v.* THEODORE R. HUGO, JR., Defendant.

Supreme Court, Special Term, Livingston County, April 4, 1946.

*Stephen V. Lines* for defendant.

*George D. Newton* for plaintiffs.

CRIBB, J. This is an action in negligence. Infant plaintiff, a passenger on a bobsled, was injured while coasting on Chestnut Avenue in the village of Dansville. The complaint setting up only one cause of action alleges negligence on the part of the defendant in operating his automobile on said avenue and also alleges that the defendant disregarded the village ordinance hereinafter referred to, and that such negligent acts on his part caused the accident and resultant injuries to the plaintiff.

For several consecutive days prior to the accident the village trustees had caused to be published in the local papers in bold type the following notice: "COASTING ON CHESTNUT AVENUE. NOTICE IS HEREBY GIVEN that Highland Avenue, Health Street and Cottage Street will be closed from 4 P. M. to 9 P. M. daily beginning January 13, 1943, in order that Chestnut Avenue may be used for coasting. Parents will assume responsibility for their children who are using street for coasting. [Signed] Village of Dansville Board of Trustees. Herbert F. Kennedy, Village Clerk."

Defendant moves for an order striking from the complaint certain designated allegations, being in fact all of the allegations or phrases relating to the acts of the village trustees in restricting said avenue for coasting, and also all allegations with reference to the disregarding of such ordinance on the part of the plaintiff, upon the ground that the same are "irrelevant, frivolous and redundant, and are tending to prejudice and delay the fair trial of this action."

Counsel for the defendant in support of the motion urges that the village trustees had no power to adopt the ordinance restricting the avenue to coasting. The trustees apparently assumed they had such power under subdivision 44 of section 89 of the Village Law which, " Subject to general laws of the state ", among other things provides that village trustees may " regulate and prohibit coasting " on the village streets. Counsel for defendant maintains that this provision is subject to subdivision 4 of section 90 of the State Vehicle and Traffic Law, and therefore, Dansville being a second class village, its trustees have no power to close any of its streets for coasting. I do not subscribe to this conclusion.

However, granting for the moment that the trustees were without the power to adopt and publish the ordinance, and that the defendant had the right to drive his automobile upon Chestnut Avenue at the time, the fact that notice of the restriction of the avenue for coasting had been published might be important on the question of whether defendant exercised the required degree of care in driving upon the street. That is, if a notice, although illegally posted or published, warns of an existing hazard in a street, is one using such street, particularly if he has seen the notice, called upon to exercise a greater degree of care than would otherwise be required of him? If he is, then plaintiff should be permitted to allege and prove the facts concerning the ordinance. Furthermore, allegations of negligence not proved at the trial may be considered as surplusage.

(*Acardo* v. *New York Contracting & Trucking Co.*, 116 App. Div. 793.) The adoption and publication of the ordinance also constituted an invitation to the public to coast upon Chestnut Avenue with the result that the plaintiff and others were justified in believing they had a right to coast there. For the foregoing reasons it is my opinion that plaintiff should be permitted to allege the adoption and publication of the ordinance.

Defendant's liability, if any, must be predicated upon a breach of duty at common law or upon a violation of the local ordinance, or both. The complaint alleges various grounds of negligence, including common-law grounds and violation of the village ordinance. The plaintiff has but one cause of action, and that is for damages sustained through the actionable negligence of the defendant, if such negligence exists, and he may allege in a single cause of action all the facts which he claims contributed to or caused the accident. (See *Payne* v. *N. Y., S. & W. R. R. Co.*, 201 N. Y. 436.) The evidence upon the trial will demonstrate whether plaintiff must rely solely upon his common-law rights.

The motion is denied, with $10 costs.

Let order enter accordingly.